FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 0 9 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORENZO P. GARCIA,

    Plaintiff,

v.    No. CIV-03-1411 RB/RHS

CORRECTIONS SERVICES, INC.,
MR. CHARLES ALA,
COUNTY OF SAN MIGUEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se. The removing Defendants paid the required filing fee and have answered the complaint. Attached to Plaintiff's state court complaint is an application for indigent services, construed herein as a motion for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, while Plaintiff was confined in the San Miguel County Detention Center, he was subjected to unconstitutional conditions of confinement. Although San Miguel County is a named Defendant, Plaintiff's factual allegations are directed exclusively at employees of the detention center's operator, Defendant CSI. To impose liability on the county, Plaintiff would have to establish that an official policy or custom was the moving force behind the violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1984). Here, Plaintiff "has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom." *Stevenson v. Whetsel*, No. 02-6191, 2002 WL 31693490, at **2 (10th Cir. Dec. 3, 2002). Claims against named Defendant San Miguel County will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis filed in the state court action is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant San Miguel County are DISMISSED with prejudice, and Defendant San Miguel County is DISMISSED as a party to this action.

_____
UNITED STATES DISTRICT JUDGE